IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DALLAS GAS PARTNERS, LP | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-04-669 |
| | § | |
| PROSPECT ENERGY CORPORATION | § | |

### REPORT AND RECOMMENDATION

Before the Court is "Prospect Energy Corporation's Motion for Partial Summary Judgment on its Counterclaim." The Motion seeks judgment only as to the liability of Plaintiff, Dallas Gas Partners, LP (DGP) on the counterclaim for breach of the Release and Covenant Not to Sue asserted by Prospect Energy Corporation (Prospect). Also before the Court are "Plaintiff's and the Third-Party Defendants' Motion for Summary Judgment on Prospect's Counterclaim and Third-Party Claims Based on this Court's February 16, 2006 Order" and "Plaintiff's and the Third-Party Defendants' Motion for Partial Summary Judgment on Prospect's Counterclaim and Third-Party Claims for Breach of Contract." Having carefully reviewed the Motions, the responses, the replies of the Parties and the lengthy prior proceedings in this case, this Court now submits its Report and Recommendation to the District Court.

As the District Court will recall, there were numerous persons and entities involved in the convoluted facts forming the basis of this lawsuit; however, given the Court's prior rulings, the present posture of this case can be briefly summarized by referring only to the present and real Parties in interest. After DGP threatened to sue Prospect for failing to fund its agreement to purchase a natural gas processing company the parties entered into an "LLC" Agreement whereby DGP sold its contract to purchase the company to Prospect for approximately 3.3 million dollars.

The Agreement contained a Mutual Release whereby, *inter alia*, DGP released Prospect from any liability for actions taken by Prospect related to the sale up to the time of the Agreement's execution. Despite the Release, two months later, DGP sued Prospect for fraud, breach of fiduciary duty and tortious interference with its purchase agreement. Prospect filed a counterclaim alleging that DGP's suit was a breach of the covenant not to sue contained in the Release and moved for summary judgment as to all claims asserted by DGP. The District Court, after accepting this Court's Report and Recommendation, granted Prospect's Motion and dismissed DGP's claims as barred by the Release. Prospect now seeks summary judgment on its counterclaim.

In support of its Motion, Prospect argues that every element of its cause of action for breach of the Release's covenant not to sue has been established by unassailable evidence. DGP voluntarily signed the Release; the claims asserted by DGP were covered by the Release; DGP received valuable consideration for the Release; DGP breached the Release by filing suit; and Prospect sustained damages, undetermined at this time, in the forms of attorney's fees and consequential damages to its financial reputation and interests. Williams v. Phillips Petroleum Co., 23 F.3d 930, 935 (5th Cir. 1994)   Prospect further argues that all potential defenses available to DGP have already been rejected through prior rulings in this case. Consequently, Prospect seeks summary judgment solely on the issue of DGP's liability.

DGP defends itself with a number of arguments that the Court will address *seriatim*.

First, DGP asserts that by virtue of the "mutual" Release, Prospect released all clams that it can assert against DGP in the instant case. This claim is wholly without merit. As Prospect points out, the mutual Release only covered claims, if any, which accrued prior to and "up to and

2

including the date of the execution of this Agreement." Clearly, the Release does not cover Prospect's claim that DGP subsequently breached the Release provisions when it sued Prospect. Indeed, the Release itself anticipated this possibility by providing that "(i)n any litigation arising from or *related to* an *alleged breach* of this section, this Agreement may be pleaded as a defense, *a counterclaim* or crossclaim." (emphasis added)   Prospect did not release DGP from any future claims that it violated the terms of the Release. DGP has also filed its own Motion for Summary Judgment on this basis which, for the same reasoning, should be denied.

 Next, DGP posits that Prospect may not recover attorney's fees and costs as damages caused by its breach of the Release, if any, unless the Release Agreement expressly provides for such relief. According to DGP a covenant not to sue is intended for defensive purposes only, it does not, alone, create an affirmative cause of action. This Court respectfully disagrees. In the opinion of this Court, a "release is a contract," Schlumberger Technology, Corp. v. Swanson, 959 S.W.2d 171, 178 (Tex. 1997), and a successful counterclaim for breach of a contract not to sue entitles the prevailing party to the recovery of attorney's fees incurred in defense of the offending suit. Gigout v. C & L Constructors, Inc., 1999 WL 191324 at *7 (Tex. App. - - Houston [1st Dist] 1999), see also Widener v. Arco Oil & Gas Co., 717 F.Supp. 1211, 1217 (N.D. Tex. 1989) (The breach of a release may be grounds for an action for damages.)   But more significant than this Court's humble opinion, is the fact that the LLC Agreement also anticipated this eventuality and expressly provided that "only actual damages may be recovered" pursuant to a claim "asserted in litigation under or pertaining to this agreement." (LLC, Section 11(F))   Even DGP concedes that attorney's fees and costs in the posture of this case would be "actual damages." Whether the additional damages claimed by Prospect are "consequential" damages not recoverable under

Section 11(F) need not be addressed here, as Prospect is not presently seeking a determination of its damages.  DGP has also filed its own Motion for Summary Judgment on this basis which, for the same reasoning, should be denied.

Next, DGP argues that Prospect has no standing to sue because Prospect is, at best, a third-party beneficiary precluded from enforcing the Release under Section 11(M) of the LLC Agreement.  It appears the District Court previously rejected this argument when it granted Prospect's Motion for Summary Judgment and implicitly accepted this Court's finding that Prospect, the sole owner of PEC White Oak, the named purchaser in the Agreement, was a direct beneficiary since it was specifically named in the Release.  McMillen v. Kingensmith, 467 S.W.2d 193, 196 (Tex. 1971)   If the District Court did not conclusively make that determination then, it should, in this Court's opinion, do so now.  DGP has also filed its own Motion for Summary Judgment on this basis which, for the same reasoning, should be denied.

Finally, DGP argues that it cannot be found liable to Prospect without a showing that its suit was an open and obvious breach of the Release brought by DGP in bad faith.  In support of this argument, DGP points to factual issues concerning its inclusion within the coverage of the LLC Agreement.  Again, in the opinion of this Court, it has already been determined by the granting of Prospect's Motion for Summary Judgment that DGP "was the intended beneficiary of the sale and was the real party in interest"; that DGP was bound by the Release; and that DGP clearly violated the Release when it filed its suit.  No genuine issue of material facts remain to be tried on this point.

4

For of the foregoing reasons, it is the **RECOMMENDATION** of this Court that "Prospect Energy Corporation's Motion for Partial Summary Judgment on its Counterclaim" for breach of the Release and Covenant Not to Sue (Instrument no. 86) be **GRANTED**.

It is the further **RECOMMENDATION** of this Court that "Plaintiff's and the Third-Party Defendants' Motion for Summary Judgment on Prospect's Counterclaim and Third-Party Claims Based on this Court's February 16, 2006 Order" (Instrument no. 94) and "Plaintiff's and the Third-Party Defendants' Motion for Partial Summary Judgment on Prospect's Counterclaim and Third-Party Claims for Breach of Contract" (Instrument no. 93) be **DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **April 20, 2007**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this 28th day of March, 2007.

_____
John R. Froeschner
United States Magistrate Judge